

**PHILADELPHIA POLICE DEPARTMENT      DIRECTIVE 9.4**

| Issued Date: 12-31-08 | Effective Date: 12-31-08 | Updated Date: 06-16-16 |
|---|---|---|

SUBJECT:   VEHICULAR PURSUITS
PLEAC 4.2.1, 4.2.2

## 1.   POLICY AND PURSUIT JUSTIFICATION

A. Policy

1. The primary consideration when participating in or supervising any pursuit is the safety and welfare of the public, other officers, as well as the suspect(s). Every officer and supervisor must always weigh the benefits of immediate capture with the risks inherent to the pursuit itself.

B. Justification for Initiating a Vehicular Pursuit

1. An officer is justified in initiating a vehicular pursuit only when they are:

a. In close proximity to a suspect vehicle and believes a pursuit is necessary to prevent the death or serious bodily injury of another person, or

b. In close proximity to a suspect vehicle and believes BOTH:

1) The pursuit is necessary to effect the arrest or prevent escape, <u>AND</u>

*1

2) The officer has <u>probable cause</u> to believe that the person being pursued has committed or attempted a forcible felony OR, has <u>probable cause</u> to believe that the person being pursued possesses a deadly weapon, other than the vehicle itself.

REDACTED - LAW ENFORCEMENT SENSITIVE

## 2.   DEFINITIONS

A. <u>Vehicular Pursuit</u> -  The use of a motor vehicle to chase, follow, or go after a vehicle that has refused to stop.

**DIRECTIVE 9.4 - 1**

B. Forcible Felony - A felony involving actual or threatened serious bodily injury, which include:

Definitions Continued:

1. Murder,
2. Voluntary Manslaughter,
3. Arson Endangering Persons, and
4. Aggravated Assault Causing Serious Bodily Injury

The following felonies shall also be classified as "Forcible" when their commission includes actual or threatened force. These include:

1. Rape,
2. Involuntary Deviate Sexual Intercourse,
3. Robbery, and
4. Kidnapping.

C. Deadly Weapon - Any firearm, whether loaded or unloaded, or any device designed as a weapon and capable of producing death or serious bodily injury, or any other device or instrumentality which, in the manner in which it is used or intended to be used, is calculated or likely to produce death or serious bodily injury [18 Pa. C.S. 2301].

*5      NOTE: For the purposes of this directive, the suspect vehicle is excluded as a deadly weapon regardless of crime committed.

D. Serious Bodily Injury - Bodily injury, which creates a substantial risk of death, or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ [18 Pa. C.S. §2301].

E. Marked Radio Patrol Sedan – Standard four door marked police vehicle equipped with sirens and overhead lights, such as but not limited to District Patrol Vehicles (RPC), Highway Patrol Vehicle, Narcotics Vehicle, etc.

## 3. GENERAL PURSUIT PROCEDURES AND GUIDELINES

A. Acknowledgment of a pursuit must be made by the District Patrol Supervisor or Police Radio.

B. If no District Patrol Supervisor acknowledges, Police Radio will assign a Supervisor to monitor and control the pursuit. If the assigned Supervisor fails to acknowledge Police Radio, the Police Radio Room Supervisor will terminate the pursuit.

**DIRECTIVE 9.4 - 2**

C. If a pursuit is initiated by a Special Unit and a Special Unit Supervisor is not available, Police Radio will assign the pursuit to a District Patrol Supervisor wherein the pursuit is happening.

D. If no justification for the pursuit is given by the initiating unit over Police Radio, it shall be the responsibility of all supervisors on the specific radio band, including the Police Radio Room Supervisor, to immediately terminate the pursuit. Also, any Supervisor is responsible for terminating a pursuit if they believe it has become too dangerous. The decision to terminate shall be final and not be subject to being countermanded.

E. A District Patrol Supervisor assigned to the area in which the pursuit is happening may, based upon his or her knowledge of the District, override any other outside supervisor monitoring and controlling the pursuit.

   **NOTE:** An "outside supervisor" is any supervisor not assigned to the district wherein the pursuit is happening.

F. During a pursuit, no more than two (2) marked radio patrol sedans will pursue a suspect vehicle (i.e. only the Primary and Secondary Units are permitted to engage in a pursuit and that no other vehicles will "caravan" behind the Secondary Unit).

G. Only sworn personnel may engage in a pursuit.

H. All other available sworn personnel (i.e. other than the Primary Unit, Secondary Unit, and Assigned Pursuit Supervisor) should be monitoring police radio and be prepared to stop or divert pedestrian or vehicular traffic that may be in the path of an oncoming pursuit in the areas of assignment. (e.g. Stopping cross traffic at a major intersection in the oncoming direction of a pursuit, etc.)

I. To lessen the possibility of a collision should the fleeing vehicle suddenly stop or change direction, a "safe distance" should always be maintained between the pursued vehicle, the Primary Unit, and Secondary Unit. A minimum of five (5) car lengths should always be maintained during any pursuit. However, a greater distance may be necessary based upon the speed of the pursuit, road and weather conditions, the suspect vehicle's behavior (i.e. how the vehicle is being operated, etc.), the Department's vehicle characteristics, officer's driving experience/capabilities, or any other circumstances that may exist.

J. All marked radio patrol sedans engaged in a pursuit must have, and will operate the police vehicle with emergency equipment activated continuously throughout the pursuit. This includes both light bars and red/blue lights and sirens.

   **NOTE:** Sworn personnel are reminded to use extreme caution when approaching any intersection during a pursuit and only proceed if clear of both vehicles and pedestrians.

**DIRECTIVE 9.4 - 3**

K. During a pursuit, sworn personnel involved will not switch to another radio band should the pursuit enter another division or jurisdiction. If radio contact is lost for any reason, the pursuit shall be terminated.

L. Once the Secondary Unit arrives to assist, the main function of the Primary Unit is the apprehension of the fleeing suspect(s). The Secondary Unit's main functions are as communications for and backup to the Primary Unit.

M. Only the Primary Unit, Secondary Unit, and the Directing Supervisor may leave their assigned area in response to the pursuit unless ordered not to do so by a higher-ranking officer. No other units may leave their assigned area unless ordered to do so.

*3    N. In all inter-jurisdictional pursuits, the following actions will be taken by all Philadelphia Police personnel: (PLEAC 4.2.1)

1. Sworn personnel in fresh and continuous pursuit may NOT pursue outside of the boundaries of Philadelphia unless permission is granted by a higher ranking supervisor.

2. The initial pursuing officer will notify Police Radio when it is likely that a pursuit will continue into a neighboring jurisdiction. The exception is when the secondary unit arrives and takes over communications.

3. Police Radio will notify the neighboring jurisdiction of the pursuit as soon as possible.

4. When a pursuit is initiated by a law enforcement agency of another jurisdiction, Police Radio will notify the Patrol Supervisor who will immediately inquire into the circumstances surrounding the pursuit and what assistance is required by the pursuing agency,

5. Sworn personnel will not engage in pursuits initiated by other law enforcement agencies unless in accordance with all provisions of this directive. In the districts wherein a pursuit has been initiated by another law enforcement agency, Police Radio will assign the relevant District Patrol Supervisor to monitor and control Philadelphia Police Department personnel.

6. If an arrest is made outside of Philadelphia, but within the Commonwealth of Pennsylvania, the officer will transport the suspect(s) back to the Divisional Detective Headquarters. If an arrest occurs across any state line, the suspect(s) must go through the extradition procedures before being returned to Philadelphia.

O. Fleeing vehicles will not be stopped under any circumstances by the following techniques:

    1. Boxing-In – Surrounding the fleeing vehicles with police vehicles, which are then slowed to a stop with the fleeing vehicle.

    2. Ramming – The deliberate act of hitting a fleeing vehicle with a police vehicle for the purpose of forcing the fleeing vehicle off the road or into a fixed object.

    3. Roadblocks - The use of barricades, vehicles or other obstructions across a roadway to stop a fleeing vehicle.

\*3    4. Pursuit Termination Devices – The use of any pursuit termination or vehicle immobilization device (i.e, stop sticks, spike strips, etc.). (PLEAC 4.22)

\*3  P. Vehicles, other than a marked Radio Patrol Car (i.e., unmarked cars, EPW, SUV, Motorcycle, etc.) shall not, barring exigent circumstances, initiate a vehicle pursuit. However, if a pursuit is initiated based upon exigent circumstances, the operators of these types of vehicles shall relinquish the position as Primary Vehicle to the first responding marked RPC and withdraw from the pursuit immediately.

Q. Police vehicles being used to transport any non-sworn personnel, including but not limited to, prisoners, witnesses, recruits, police explorers, or any "ride-along" shall not engage in a pursuit. Additionally, any unit containing a canine shall not engage in a pursuit.

R. Sworn personnel will immediately terminate any pursuit if the suspect vehicle enters an interstate highway or divided roadway in the wrong direction.

REDACTED - LAW ENFORCEMENT SENSITIVE

T. Barring extenuating circumstances, all sworn personnel involved in a pursuit in any manner will complete and submit the relevant portion of both Pursuit Memoranda (city and state) found in Appendix "A" of this directive within three (3) days.

## 4    SPECIFIC RESPONSIBILITES

A. Initiating/Primary Unit

    1. Determine the necessity of commencing or terminating a pursuit by considering:

        a. Whether justification to initiate the pursuit exists (refer to Section 1-B),
        b. Whether the suspect's identification and address are known, thereby making available an alternate means of arrest (e.g. via an arrest warrant),

**DIRECTIVE 9.4 - 5**

   c. The weather and road conditions,
   d. Location and population density (vehicular and pedestrian),
   e. The capabilities and characteristics of the department vehicle,
   f. The officer's own driving capabilities,
   g. The officer's familiarity with the pursuit area,
   h. Any other extraordinary circumstances or conditions (e.g. the proximity to school zones, playgrounds, shopping centers, etc.) and
   i. The speed and control of the suspect vehicle.

2. If a pursuit is initiated, immediately inform the radio dispatcher of:

   a. The fact that a pursuit has been initiated, along with the justification,
   b. The initial location, direction, and estimated distance to the suspect vehicle,
   c. The approximate speed of both the suspect and police vehicles,
   d. The vehicle description and, if possible, license information and a physical and clothing description of the occupants along with approximate ages,
   e. The continuous progress of the pursuit and if headed towards another district, division, or jurisdiction,
   f. Upon arrival of a Secondary Unit, relinquish communication responsibilities to the Secondary Unit.

3. Continuously evaluate the benefits of an immediate capture against the safety of the public, other officers and the suspect. An officer can self-terminate a pursuit at any time.

4. If ordered by a supervisor to relinquish the Primary Unit duties to another radio patrol sedan, immediately withdraw from the pursuit, return to area of assignment, and prepare to complete the relevant portion of the Pursuit Memoranda found in Appendix "A" of this directive.

5. Apprehend the suspect(s), or by ensuring that only the proper amount of force is used to make any arrests consistent with the guidelines in directive 10.2, "Use of Moderate/Limited Force". If the vehicle is stopped and the occupant(s) appear to barricade themselves inside the vehicle, ensure the provisions found in Directive 10.7, "Crisis Response/Critical Incident Negotiations," regarding barricaded persons are implemented.

6. If the Initiating/Primary Unit loses sight of the suspect vehicle, terminate the pursuit immediately and notify Police Radio. Begin a search of the area where suspect vehicle was last seen as directed by the responding supervisor.

7. If any supervisor terminates the pursuit, disengage from the pursuit immediately, safely stop and park the vehicle, notify police radio of location and odometer mileage, update patrol log, and await the arrival of a supervisor.

**DIRECTIVE 9.4 - 6**

REDACTED - LAW ENFORCEMENT SENSITIVE

    a. Return to a safer driving speed,
    b. Move out of sight of the fleeing vehicle,
    c. Continuously monitor Police radio as to the direction of the fleeing vehicle,
    d. Not renew pursuit of the fleeing vehicle if they should make subsequent visual contact and are in close proximity with it, and
    e. Be prepared for any reports by the flight crew that the fleeing vehicle has stopped and the suspect(s) have fled on foot.

9. If a pursued vehicle is found unattended it should be guarded for prints in an attempt to identify and apprehend the driver and the occupants.

B. Secondary Unit

1. Upon joining the Primary Unit, acknowledge to Police Radio as the "Secondary Unit".

2. Maintain visual contact with the primary unit and assume all communication responsibilities such as, reporting the continuous progress of the as indicated in Section 4-A-2, c through f of this directive.

3. If ordered by a supervisor, relinquish the Secondary Unit duties to another vehicle, immediately withdraw from the pursuit, and return to area of assignment.

4. Do not pass the Primary Unit unless requested to do so by that Unit or if other conditions exist, such as mechanical malfunction, etc.

5. Back-up and support the Primary Unit officer(s) consistent with Section 4-A-5 of this directive.

6. If either the primary unit or any supervisor/commander terminates the pursuit, immediately cease the pursuit.

REDACTED - LAW ENFORCEMENT SENSITIVE

8. If a pursued vehicle is found unattended it should be guarded for prints in an attempt to identify and apprehend the driver and the occupants.

C. Assigned Pursuit Supervisor shall:

1. Direct and control the pursuit and apprehension efforts by:

**DIRECTIVE 9.4 - 7**

a. Evaluating the Primary/Initiating Unit's justification for commencing and continuing the pursuit,

b. Immediately terminating the pursuit, if necessary, considering all the facts and circumstances including, but not limited to, those factors identified in Section 4-A-1 of this directive,

REDACTED - LAW ENFORCEMENT SENSITIVE

d. Ensuring the Primary Unit and the Secondary Unit withdraw from the pursuit if Aviation Unit assumes the pursuit and that pursuit and that they comply with the provisions of Section 4-A-8 and 4-B-7 of this directive respectively.

e. Monitoring all radio transmissions, and ensuring Police Radio is kept informed of location, direction, speed, weather and road conditions, vehicle and pedestrian traffic, etc.

f. Limiting the involvement and radio use by other units.

g. Coordinating other units to respond to strategic locations to possibly apprehend the suspects,

h. Arriving at the scene of any apprehension as soon as possible to ensure the provisions of Directive 10.2, regarding the use of force and, if necessary, Directive 10.7 regarding barricaded persons are strictly observed.

2. If the pursuit was terminated by any supervisor, meet the Primary Unit and Secondary Units and inspect the vehicle odometers, sign officer's log noting location, odometer mileage, and mileage recorded by Police Radio.

3. After any pursuit, if appropriate, make sure officers have sufficient time to calm down and regain their composure before returning to patrol.

4. Supervisors must be proactive at the end of the pursuit to ensure that arrests are made in accordance with departmental policy. Supervisors will be held accountable if they fail to take appropriate action.

5. If a pursued vehicle is found unattended it should be guarded for prints in an attempt to identify and apprehend the driver and the occupants.

D. Police Radio Responsibilities

1. Police Radio Dispatcher

a. When a Police Radio Dispatcher is notified that an officer is involved in a vehicular pursuit, the dispatcher will:

**DIRECTIVE 9.4 - 8**

   1)   Immediately notify a Radio Room Supervisor and 'J' band of the pursuit,

   2)   Contact and assign the initiating officer's direct supervisor or an available district supervisor to the pursuit, who shall then direct and control the pursuit and any apprehension efforts,

> REDACTED - LAW ENFORCEMENT SENSITIVE

   4)   Monitor and broadcast the relevant information received from the Initiating/Primary Unit,

   5)   Once a Secondary Unit has joined in the pursuit, use the Secondary Unit as the communications vehicle unless the Primary Unit is a two-officer vehicle,

   6)   If the pursuit is terminated by any supervisor, request the location and odometer mileage from the terminated unit and dispatch a supervisor to that location,

   7)   Assign a separate District Control Number for every pursuit.

2.   Radio Room Supervisor Responsibilities

   a.   Upon being notified by a Police Dispatcher of a pursuit, the Radio Room Supervisor:

      1)   Will physically respond to the involved console and begin monitoring the pursuit ensuring all responsibilities of the Police Dispatcher in Section 4-D-1 are completed,

      2)   If no justification for the pursuit is given by the initiating unit or if the initiating unit's supervisor or available district supervisor fails to respond to Police Radio, will immediately terminate the pursuit,

          **NOTE:** If a pursuit is terminated because the initiating unit's supervisor or available District Supervisor failed to respond, the appropriate supervisor's Commanding Officer, Divisional Inspector and the Regional Operations Command will be notified via a Blackberry message.

      3)   Ensure the notification of Aviation Unit and their availability.

4) When the pursuit results in an auto accident or injury to police or the suspect vehicle, the Pursuit Broadcast Tapes will be forwarded to the appropriate Commanding Officer.

5) Will generate a daily report of all pursuits, along with a printed copy of all radio transmissions of the pursuit, to the appropriate Commanding Officer for immediate action.

REDACTED - LAW ENFORCEMENT SENSITIVE

F.  District/Unit Commanders

1.  Will continuously assess the decisions of the assigned supervisor and take control/action if necessary considering all the facts and circumstances including, but not limited to, the factors identified in Section 4-C-1-b of this directive.

2.  Shall ensure that copies of the Pursuit Memoranda (city and state) found in Appendix "A" of this directive, the Pursuit Report generated by Police Radio and the radio transmissions are forwarded to the appropriate Deputy Commissioner and the Commanding Officer of the Police Academy, Accident Prevention Section within five (5) calendar days of the pursuit date.

*6    3.  The District/Unit Commanders should ensure a copy of the Pennsylvania Police Pursuit Report is forwarded to the Research and Analysis Unit, on the first business day after the pursuit. The original PSP Report will be submitted with the pursuit packet through the chain of command. This is further detailed in Appendix "A" page 6, of this directive.

**DIRECTIVE 9.4 - 10**

4. Shall ensure the appropriate actions, up to and including formal disciplinary recommendations (75-18s), are taken against any subordinate who has violated any provision of this directive.

G. Appropriate Deputy Commissioner

1. Shall review the Pursuit Memoranda, the Pursuit Report generated by Police Radio and the radio transmissions to ensure that officers and supervisors comply with the procedures and policies set forth in this directive.

| RELATED PROCEDURES: | Directive 9.7, | Safe Operation of Police Vehicles |
|---|---|---|
| | Directive 10.2, | Use of Moderate/Limited Force |
| | Directive 10.7, | Crisis Response/Critical Incident Negotiations |
| | Disciplinary Code | |

## BY COMMAND OF THE POLICE COMMISSIONER

| FOOTNOTE # | GENERAL # | DATE SENT | REVISION |
|---|---|---|---|
| *1 | 2450 | 01-14-09 | Clarification |
| *2 | 4193 | 01-16-09 | Deletion of 1-B-1-b-3 |
| *3 | 4830 | 08-18-15 | Additions/Changes |
| *4 | 1141 | 09-01-15 | Change |
| *5 | 1023 | 04-29-16 | Changes |
| *6 | 4131 | 06-16-16 | Addition |

**DIRECTIVE 9.4 - 11**



### PHILADELPHIA POLICE DEPARTMENT    DIRECTIVE 9.4

### APPENDIX "A"

| Issued Date: 12-31-08 | Effective Date: 12-31-08 | Updated Date: 04-29-16 |
|---|---|---|

### SUBJECT:  POLICE VEHICLE PURSUIT MEMORANDUM

This memorandum is to be completed regardless of whether or not the violator is apprehended, the length, or duration of the pursuit, or whether or not an accident had taken place.

A copy of the Complaint or Incident Report (75-48) will be included with this memorandum. When available and appropriate, a copy of Accident Report (AA-500 or 75-48C) will accompany it.  It is very important that any vehicle accident involving a police vehicle, the fleeing vehicle, any other civilian or city-owned vehicle or any combination thereof ,be described not only in the AA-500 or 75-48C and the 75-48, but also in this Pursuit Memorandum and the Pennsylvania Police Pursuit Report.

\*3/\*4  This memorandum must be submitted through the chain of command for review to the Police
\*5     Academy, Accident Prevention Section within thirty days.  The Police Academy will retain copies of all State Police Pursuit Reports and AA-500 or 75-48Cs.  The Commanding Officer of the initiating district/unit must ensure that the State Police Pursuit Report is sent to the Research and Analysis Unit.

MEMORANDUM

TO       : CHIEF INSPECTOR, TRAINING BUREAU
FROM   :
SUBJECT: PHILADELPHIA POLICE DEPARTMENT PURSUIT MEMORANDUM

DATE OR OCCURRENCE   TIME OF OCCURRENCE_____DAY_____

DISTRICT OF OCCURRENCE ____DIST. CONTROL NUMBER_____

LOCATION PURSUIT INITIATED_____

LOCATION PURSUIT TERMINATED_____

NUMBER OF POLICE UNITS INVOLVED_____

DURATION OF PURSUIT (MINUTES)____DISTANCE (CITY BLOCKS)_____

JUSTIFICATION FOR PURSUIT AND SPECIFIC VIOLATIONS_____

_____

VIOLATIONS DURING PURSUIT_____

TRAFFIC CONDITIONS (CIRCLE ONE):  HEAVY  MEDIUM  LIGHT  NONE

PEDESTRIAN TRAFFIC (CIRCLE ONE):  HEAVY  MEDIUM  LIGHT  NONE

WEATHER CONDITIONS (CIRCLE ONE):

1 - NO ADVERSE CONDITIONS
2 - RAINING
3 - SLEET, HAIL, FREEZING RAIN
4 - SNOWING
5 - FOG AND SMOKE
6 - RAIN AND FOG

ROAD CONDITIONS (CIRCLE ONE): DRY WET SNOW COVERED ICE COVERED

PRIMARY UNIT  NAME AND RANK OF OFFICER_____

BADGE #_____PAYROLL #---------------------------

DISTRICT OR UNIT/SQUAD AND GROUP___APPOINTMENT DATE___/___/___

RECORDER'S NAME_____BADGE #_____PAYROLL #_____

DISTRICT OR UNIT/SQUAD AND GROUP_____

VEHICLE NUMBER_____TYPE OF POLICE VEHICLE_____

SECONDARY UNIT:  NAME AND RANK OF OFFICER_____

BADGE#_____PAYROLL #_____

DISTRICT OR UNIT/SQUAD AND GROUP_____APPOINMENT DATE___/___/___

RECORDER'S NAME_____BADGE #_____ PAYROLL #_____

DISTRICT OR UNIT/SQUAD AND GROUP_____

VEHICLE NUMBER_____TYPE OF POLICE VEHICLE

**DIRECTIVE 9.4 - 2**
**APPENDIX "A"**

VIOLATOR'S VEHICLE: MAKE____MODEL_____YEAR_____

COLOR___TAG_____OPERATOR'S NAME_____
DATE OF BIRTH_____ADDRESS_____

CITY/STATE_____

VIOLATOR'S CHARGES_____

OWNER OF VEHICLE_____

PRIMARY OFFICER'S NARRATIVE: Outline the specifics of the pursuit, including justification. (Use 8" x 11" sheet of white paper should additional space be required.

_____

_____

_____

_____

_____

_____

OFFICER'S SIGNATURE_____DATE_____

SECONDARY OFFICER'S NARRATIVE: Outline the specifics of your involvement in the pursuit. (Use 8" x 11" sheet of paper should additional space be required.)

_____

_____

_____

_____

_____

OFFICER'S SIGNATURE_____DATE_____

SUPERVISOR MONITORING PURSUIT: NAME/RANK_____

**DIRECTIVE 9.4 - 3**
**APPENDIX "A"**

DISPOSITION OF PURSUIT: PURSUIT TERMINATED  YES___  NO___

 (IF YES BY WHOM) NAME/RANK_____

 REASON FOR TERMINATION: EXPLAIN_____

_____

_____


ANY MOTOR VEHICLE ACCIDENTS AS A RESULT OF THIS PURSUIT? YES__ NO__

(THIS INCLUDES ALL POLICE VEHICLES, THE FLEEING VEHICLE, AND OTHER
CIVILIAN OR CITY-OWNED VEHICLES THAT MAY HAVE BECOME INVOLVED IN
AN ACCIDENT AS A DIRECT OR INDIRECT RESULT OF THE POLICE PURSUIT.)
(IF YES, EXPLAIN AND ATTACH COPY OF THE 75-48, AND WHEN AVAILABLE, AN
AA-500 OR 75-48C)

_____

_____


ANY POLICE OR CIVILIANS INJURED IN A VEHICULAR ACCIDENT AS A RESULT OF
THIS PURSUIT?  YES__ NO__  (IF YES, EXPLAIN AND GIVE EXTENT OF INJURIES.)
_____

_____


ANY POLICE OR CIVILIAN DEATHS AS A RESULT OF THIS PURSUIT?
YES__  NO _____

IF YES, EXPLAIN_____

_____

_____


ANY VIOLATIONS OF DIRECTIVE 41?  YES___  NO___

 (IF YES, EXPLAIN)_____

_____

**DIRECTIVE 9.4 - 4**
**APPENDIX "A"**

SUPERVISOR'S NARRATIVE: PER DEPARTMENT POLICY, WAS THIS PURSUIT
JUSTIFIED? YES___ NO___ EXPLAIN AND INCLUDE RECOMMENDATIONS

_____

_____

_____

_____

SUPERVISOR'S SIGNATURE_____BADGE #_____DATE_____

DISTRICT COMMANDING OR COMMAND INSPECTIONS BUREAU COMMENTS:
(Per Department policy, was this pursuit justified?) YES__ NO__

RECOMMENDATIONS_____

_____

_____

_____

COMMANDING OFFICER'S SIGNATURE_____ DATE_____

*5    INSPECTOR'S
      RECOMMENDATIONS_____

_____

_____

_____

INSPECTOR'S SIGNATURE_____ DATE_____

*5    CHIEF INSPECTOR'S
      RECOMMENDATIONS_____

_____

_____

_____

CHIEF INSPECTOR'S SIGNATURE_____ DATE_____

**DIRECTIVE 9.4 - 5
APPENDIX "A"**

\*5    DEPUTY COMMISSIONER'S
RECOMMENDATIONS_____

_____

_____

_____

DEPUTY COMMISSIONER'S SIGNATURE_____ DATE_____

ACCIDENT PREVENTION SECTION:

DATE RECEIVED_____BY WHOM_____

RECOMMENDATIONS:_____

_____

_____

TRAINING BUREAU CHIEF'S ACKNOWLEDGEMENT:
(Per Department policy, was this pursuit justified?) YES___ NO___

     _____
     CHIEF INSPECTOR'S SIGNATURE

     DATE_____

## PENNSYLVANIA POLICE PURSUIT REPORT

Act 154 of 1994 requires police departments in Pennsylvania to make a record of all vehicle pursuits and to report them to the Pennsylvania State Police. The Pennsylvania State Police is required to collect these reports, and to compile an annual summary of information to be reported to various entities. Completion and submission of this form for all pursuits, which occur on or after January 1, 1996, will ensure compliance with the reporting requirements of Act 154.

The detailed information collected through the use of this form will be used to help identify both positive and negative factors influencing the outcome of vehicular pursuits, validate or refute the merits of pursuit policies and apprehension techniques, and to recognize training successes and deficiencies. It is intended that this will enable police departments throughout the Commonwealth to enhance the safety of their officers and the public they serve.

**DIRECTIVE 9.4 - 6**
**APPENDIX "A"**

The form should be completed by either the primary pursuing police officer or their supervisor, at the discretion of the individual police department. It has been designed to be completed and read without the need for code sheets or overlays. The form may also be completed by agencies assisting the primary pursuing agency. Forms completed by assisting agencies shall not be submitted to the Pennsylvania State Police.

*3/*4    The Commanding Officer of the initiating district/unit shall ensure that original, completed forms are submitted directly to the Research and Analysis Unit as soon as possible. The Research and Analysis Unit shall submit it to the Pennsylvania State Police, upon receipt from the Commanding Officer of the initiating district/unit. Blank forms may be duplicated as necessary. Only original, completed forms shall be submitted to the Pennsylvania State Police. Copies should be made for your records.

Questions concerning the completion of this report should be directed to:

Pennsylvania State Police
Bureau of Research and Development
1800 Elmerton Avenue
Harrisburg, PA  17110
ATTN: Pursuit Reporting Coordinator
(717) XXX-XXXX

## BLOCK INSTRUCTIONS

1. REPORTING AGENCY:  Enter the name of the reporting agency.  For agencies having stations at multiple locations, also list the location.

2. REPORTING OFFICER:  Enter the full name of the individual preparing the report.

3. SIGNATURE:  Self-explanatory.

4. INCIDENT NUMBER:  Enter the Incident Number (or case number, etc.) your agency assigns the incident.  If an additional vehicle(s) is actively pursued as part of the same incident, that pursuit shall be reported on a separate form, with a supplemental incident number, e.g., A01123456A.

   PSP: Enter the Incident Number as follows: A01123456, S13123456

5. PURSUIT DATE: Enter the date the pursuit began in the following format:

   010296 for January 2, 1996

6. PURSUIT TIME: Enter the time (24 hour clock) the pursuit began.

7. SUPERVISOR'S INITIALS AND BADGE NO.: Self-explanatory.

**DIRECTIVE 9.4 - 7**
**APPENDIX "A"**

8. JURIS NUMBER:  Enter the Juris Number assigned by the Pennsylvania State Police in the five boxes of the block.  If your department has not been assigned a Juris Number, contact the Pennsylvania State Police, Bureau of Research and Development, Management Information and Uniform Crime Reporting Section, at (717) XXX-XXXX.

   PSP:    Use the appropriate Station Code, preceded by the number 9 (i.e., 91110 would be entered for Greensburg, Station Code 1110).

9. REASON INITIATED:  Mark the choice which best describes the offense or suspected offense for which the officer INITIALLY decided to pursue the vehicle.  If more than one choice applies, mark the most serious.  Use only an offense known or suspected at the time the attempt to stop was initiated.

   EXAMPLE:    If a violator is pursued for a speeding violation, and it is later determined that the vehicle is stolen, then OTHER TRAFFIC should be marked.  If, before attempting to stop the speeder, the officer learns that the vehicle has been reported stolen, then STOLEN OR SUSPECTED should be marked.

   DUI OR SUSPECTED - The driver was known to be or suspected of Driving Under the Influence.

   OTHER TRAFFIC - Any other traffic violation.

   SUMMARY CRIMINAL - Any known or suspected summary criminal offense.

   MISDEMEANOR CRIMINAL - Any known or suspected misdemeanor criminal offens

   FELONY CRIMINAL - Any known or suspected felony criminal offense, except those relating to the vehicle known to be or suspected of being stolen.

   STOLEN OR SUSPECTED - The vehicle is known or suspected to be stolen.

10. TYPE VEHICLE PURSUED:  Mark the choice, which best described the vehicle pursued.

   AUTOMOBILE - Passenger cars and mini-vans regardless of the manner in which they are registered.

   VAN/PICK-UP/SUV - Full size vans, all pick-up trucks, and sport utility vehicles, even though they may be registered as station wagons.

   MOTORCYCLE - All two-wheeled motorcycles, mopeds, motor-driven pedacycles.

**DIRECTIVE 9.4 - 8**
**APPENDIX "A"**

OTHER - All other vehicles.

11. APPREHENSION: Mark the choice which best describes the apprehension, if any, of the violator.

NONE - VIOLATOR SUCCESSFULLY ELUDED POLICE - Self-explanatory.

NONE - DECISION MADE TO TERMINATE - The pursuit was terminated due to a decision made by the pursuing officer(s) or a supervisor, even though officer(s) were able to continue the pursuit.

NONE - STOPPED, BUT ESCAPED ON FOOT - The pursuit resulted in the violator vehicle being stopped, but the violator escaped on foot.

APPREHENDED DURING PURSUIT - The violator was apprehended during pursuit. This includes during any foot pursuit or search conducted as an immediate continuation of the original pursuit.

DELAYED - AFTER TERMINATION OF PURSUIT - The violator is apprehended after the pursuit is terminated. This includes cases in which the violator is identified through investigation, or if the violator is identified during the pursuit, the decision is made to terminate the pursuit and apprehend the violator at a later time.

12. REASON TERMINATED - Mark the choice which best describes the reason for termination of the pursuit.

PURSUIT DISCONTINUED - Use if the pursuit was terminated by a decision to discontinue.

POLICE ACCIDENT - The pursuit was terminated because the pursuing police vehicle was involved in an accident.

POLICE VEHICLE DISABLED - The pursuit was terminated because the pursuing police vehicle suffered a mechanical failure other than that caused by an accident or collision.

VIOLATOR STOPPED VOLUNTARILY - The violator stopped voluntarily, without the use of road spikes, roadblocks, induced stops, or other apprehension techniques, and surrendered.

VIOLATOR ABANDONED VEHICLE - The violator stopped voluntarily, without the use of road spikes, roadblocks, induced stops, or other apprehension techniques, then fled on foot.

VIOLATOR STOPPED BY COLLISION OR ACCIDENT - The violator was involved in a collision or accident, which terminated the pursuit.

**DIRECTIVE 9.4 - 9**
**APPENDIX "A"**

VIOLATOR VEHICLE DISABLED - The pursuit was terminated because the violator vehicle suffered a mechanical failure other than that caused by an accident or other police action.

STOPPED BY OTHER POLICE ACTION - The violator was stopped by apprehension techniques other than trailing pursuit, e.g., roadblock, induced stop, etc.

13. COLLISION TYPE: Mark the choices, which describe any collisions occurring during the pursuit.

NO COLLISION – Self-explanatory.

VIOLATOR ACCIDENT - If an accident occurs involving only the violator vehicle.

POLICE ACCIDENT - If an accident occurs involving only a pursuing police vehicle.

UNINVOLVED ACCIDENT - If an accident occurs involving only a vehicle or vehicles not involved in the pursuit, and the accident is a result of the actions of either the violator or police vehicles, e.g., the violator forces an uninvolved vehicle off the road.

VIOLATOR - POLICE ACCIDENT - If an accident occurs involving the violator and pursuing police vehicles.

VIOLATOR - UNINVOLVED ACCIDENT - If an accident occurs involving the violator vehicle and an occupied vehicle not involved in the pursuit.

UNINVOLVED - POLICE ACCIDENT - If an accident occurs involving an occupied vehicle not involved in the pursuit and a pursuing police vehicle.

VIOLATOR - POLICE DEL. INT. (Deliberate intent) - If the violator vehicle was deliberately driven into a police vehicle.

VIOLATOR - UNINVOLVED DEL. INT. - (Deliberate intent) - If the violator vehicle was deliberately driven into an uninvolved vehicle.

POLICE - VIOLATOR LEGAL INTER. (Legal Intervention) - If a police vehicle was deliberately driven into the violator vehicle as an act of legal intervention.

14. APPREHENSION TECHNIQUES:

USED: Mark each apprehension technique used during the pursuit.

END PURSUIT:  Mark one technique most responsible for ending the pursuit, if the violator vehicle was stopped.

**DIRECTIVE 9.4 - 10**
**APPENDIX "A"**

TRAILING PURSUIT - Following the violator vehicle in an attempt to stop it.

ROAD SPIKES - Road Fangs, Spike Strips, Stop Sticks, or other devices designed to deflate the tires of a pursued vehicle.

PARTIAL ROADBLOCK - A roadblock intended to stop or slow the pursued vehicle while allowing the vehicle to pass through or around the roadblock.

TOTAL ROADBLOCK - A roadblock, which completely blocks the pursued vehicle's path, preventing the vehicle from passing through or around the roadblock without striking the roadblock.

ROLLING ROADBLOCK - One or more police vehicles being driven in front of, and in the same direction as, the pursued vehicle. The police vehicles are then slowed to force the violator vehicle to stop.

OTHER INDUCED STOP - One or more police vehicles being used to force the pursued vehicle to stop. For the purposes of this report, in an induced stop, there is no attempt to make contact with the pursued vehicle.

LEGAL INTERVENTION - For the purposes of this report, deliberately driving a police vehicle into the violator vehicle in an attempt to stop the vehicle.

FIREARMS - Firearms or long guns discharged at the pursued vehicle or driver.

| REDACTED - LAW ENFORCEMENT SENSITIVE |
| --- |

15. NONPURSUIT RELATED CHARGES: List the charges filed against the operator and occupants of the pursued vehicle, which are not a result of their conduct during the pursuit, if they are apprehended during the pursuit. This includes charges previously filed if the violator is fleeing to avoid their capture or the capture of any occupant of the pursued vehicle and the charge for the offense marked in Block 9. If there are more than four, list the four most serious charges here. Charges filed in another state should be entered as if they were filed in Pennsylvania. Check the appropriate space if there are additional non-pursuit-related charges and list them in the continuation/synopsis.

EXAMPLE: A violator is the subject of an outstanding warrant for burglary and criminal trespass. During the pursuit, the violator attempts to ram a pursuing police vehicle. The violator is apprehended during the pursuit, and a search of the vehicle, incident to the violator's arrest, reveals illegal drugs. CC3502 and CC3503 would be entered in this block (CC2702, aggravated assault, would be entered under Pursuit Related Charges, and the drug violations would be listed under Other Pursuit Related Charges.)

**DIRECTIVE 9.4 - 11
APPENDIX "A"**

In the first two blocks, enter one of the following codes:

CC - Crimes Code
CS - Controlled Substance, Drug, Device and Cosmetic Act
FW - Fireworks Law
GM - Game Law
LL - Liquor Law
VC - Vehicle Code

In the next four blocks, enter the section number.  For violations of the Controlled Substance, Drug, Device, and Cosmetic Act, delete the (a).  Section 13(a)30 would be coded as 1330.

16. ROAD SURFACE:   Mark the choice which best described the condition of the road surface during the pursuit.

17. VISIBILITY:   Mark the choice which best described the visibility conditions during the pursuit.

DAY/CLR - Daylight, with no atmospheric obscurement, such as fog, rain, snow, etc.

DAY/OBSC - Daylight, with atmospheric obscurement, such as fog, rain, snow, etc.

DUSK/DAWN/CLR - Dusk or dawn, with no atmospheric obscurement, such as fog, rain, snow, etc.

DUSK/DAWN/OBSC - Dusk or dawn, with atmospheric obscurement, such as fog, rain, snow, etc.

DARK/CLR - Dark, with no atmospheric obscurement, such as fog, rain, snow, etc.

DARK/OBSC - Dark with atmospheric obscurement, such as fog, rain, snow, etc.

18. MISC:

PRIMARY PURSUING AGENCY - Mark this if your agency was the primary pursuing agency during the pursuit.

ASSISTING AGENCY - Mark this if your agency was assisting the primary pursuing agency.  Only the primary pursuing agency is required to forward this report to the Pennsylvania State Police.

PSP - This report shall be forwarded in accordance with applicable directives regardless of the status of the Pennsylvania State Police as either the primary pursuing agency or an assisting agency.

**DIRECTIVE 9.4 - 12**
**APPENDIX "A"**

PROBABLE USE DRUGS/ALCOHOL - Mark this if it is suspected that the violator is suspected of being under the influence of drugs or alcohol, regardless of whether charges relating to the use of drugs or alcohol are filed.

PURSUED VEH. OPPOSE TRAFFIC - Mark if the pursued vehicle was driven on a one-way roadway against the normal flow of traffic.

POLICE VEH. OPPOSE TRAFFIC - Mark if any police vehicle actively pursuing the violator was driven on a one-way roadway against the normal flow of traffic.

NOTE: If a police vehicle were driven on a one-way roadway against the normal flow of traffic while not actively pursuing the violator, such as to take a position at a roadblock, this block would not be completed.

19. PURSUIT-RELATED CHARGES:   Mark all the charges resulting from the violator's operation of the pursued vehicle during the pursuit.

20. OTHER PURSUIT RELATED CHARGES:   Enter any other charges resulting from the violator's operation of the pursued vehicle during the pursuit.

21. HIGHWAY:   Mark the type of highway(s) on which the pursuit started, traveled on during the pursuit, and on which the pursuit ended.

22. AREA: Mark the type of area(s) in which the pursuit started, traveled through, and ended.

| | |
|---|---|
| URBAN/BUS | -Urban area or business district |
| SUBURBAN | -Self-explanatory |
| RESIDENTIAL | -Self-explanatory |
| RURAL | -Self-explanatory |

BLOCKS 23 THROUGH 37 - Enter three digits, e.g., enter three as 003, ten as 010, etc.

23. MARKED VEHICLES DIRECTLY INVOLVED:   Enter the number of marked police vehicles directly involved in the pursuit.  Do not include vehicles, which were only utilized in a support role, e.g., roadblocks, etc.

24. UNMARKED VEHICLES DIRECTLY INVOLVED:   Enter the number of unmarked police vehicles directly involved in the pursuit.  Do not include vehicles, which were only utilized in a support role, e.g., roadblocks, etc.

25. VIOLATOR INJURIES:   Enter the number of persons in the violator vehicle who received injuries resulting from vehicular operation during the pursuit.

**DIRECTIVE 9.4 - 13**
**APPENDIX "A"**

26. POLICE INJURIES:  Enter the number of persons in police vehicles who received injuries resulting from vehicular operation during the pursuit.

27. UNINVOLVED INJURIES:  Enter the number of uninvolved persons who received injuries resulting from vehicular operation during the pursuit.

28. VIOLATOR DEATHS:  Enter the number of persons in the violator vehicle who were killed as a result of vehicular operation during the pursuit.

29. POLICE DEATHS:  Enter the number of persons in police vehicles who were killed as a result of vehicular operation during the pursuit.

30. UNINVOLVED DEATHS:  Enter the number of uninvolved persons who were killed as a result of vehicular operation during the pursuit.

31. VIOLATOR PROPERTY DAMAGE:  Enter the estimated amount of property damage to the violator's vehicle resulting from the pursuit.

32. POLICE PROPERTY DAMAGE:  Enter the estimated amount of property damage to police vehicles resulting from the pursuit.

33. UNINVOLVED PROPERTY DAMAGE:  Enter the estimated amount of property damage to uninvolved property resulting from vehicular operation during the pursuit.

34. NUMBER OF PERSONS IN PURSUED VEHICLE: Self-explanatory.

35. PERSONS IN PURSUED VEHICLE ARRESTED: Self-explanatory.

36. LENGTH OF PURSUIT (MILES): Self-explanatory.

37. TIME ELAPSED DURING PURSUIT (MINUTES): Self-explanatory.

38. VEHICLE: Enter the pertinent information concerning the pursued vehicle.

39. VIOLATOR: Enter the pertinent information concerning the pursued subject.

40. CONTINUATION/SYNOPSIS: Self-explanatory.

PENNSYLVANIA POLICE PURSUIT REPORTING SYSTEM
COMMON REPORTING ERRORS

Block 8  (JURIS NUMBER)

This block must be completed. If you don't know this number, you can obtain it from the person in your department who submits Uniform Crime Report information to the Pennsylvania State Police, or call the number listed below.

Block 9  (REASON INITIATED)
Mark ONLY ONE selection. If two or more selections could be made, mark only the most serious. For example, if a violator is pursued for a speeding violation, and it is later determined that the vehicle is stolen, then OTHER TRAFFIC should be marked. If, before attempting to stop the speeder, the officer learns that the vehicle has been reported stolen, then STOLEN OR SUSPECTED should be marked. Selection should usually agree with non-pursuit-related charges in block 15.

Blocks 10(TYPE VEHICLE PURSUED), 11 (APPREHENSION), 12 (REASON TERMINATED)
        Mark only one selection in each block.

Block 13 (COLLISION TYPE)
        More than one selection may be marked.

Blocks 11(APPREHENSION), 39 (VIOLATOR)
If a violator is identified in Block 39, some type of apprehension should be indicated in Block 11.

Block 14 (APPREHENSION TECHNIQUES)
There may be more than one selection made under USED. No more than one selection may be made under END PURSUIT.

One selection under END PURSUIT must be marked, unless NONE-VIOLATOR SUCCESSFULLY ELUDED POLICE or NONE-DECISION MADE TO TERMINATE or DELAYED - AFTER TERMINATION OF PURSUIT are marked in block 11 (APPREHENSION).

Also, OTHER INDUCED STOP refers to one or more police vehicles being used to force the pursued vehicle to stop. It does not include TOTAL ROADBLOCK, ROLLING ROADBLOCK, and LEGAL INTERVENTION (in legal intervention, a police vehicle is deliberately driven into the pursued vehicle.

Block 15 (NONPURSUIT-RELATED CHARGES), 20 (PURSUIT-RELATED CHARGES)
        Listing charges:

        RIGHT    WRONG
        VC 1543  75 1543

Blocks 15, 19, 20 (NONPURSUIT AND PURSUIT-RELATED CHARGES)
If suspect was not apprehended, no charges should be indicated in Blocks 15, 19, or 20.

**DIRECTIVE 9.4 - 15**
**APPENDIX "A"**

Include charges previously filed if the violator is fleeing to avoid their capture or the capture of any occupant of the pursued vehicle and the charge for the offense marked in Block 9.

For example, a violator is the subject of an outstanding warrant for burglary and criminal trespass. During the pursuit, the violator attempts to ram a pursuing police vehicle. The violator is apprehended during the pursuit, cocaine is found in his vehicle. CC3502 (burglary), CC3503 (criminal trespass, and CS1316 (possession of a controlled substance) would be entered in Block 15 (NONPURSUIT-RELATED CHARGES), CC2702 (aggravated assault) would be entered in Block 19 (PURSUIT-RELATED CHARGES). (The example in the original instructions indicated the drug charges would be considered pursuit-related. This was incorrect.)

NEW FOR 1997 Also include charges exceptionally cleared. For example, if a suspect is killed in the course of the pursuit or other police action related to the pursuit, but otherwise would have been charged with fleeing and eluding, recklessly endangering another person, and aggravated assault, then these charges should be listed in the appropriate blocks.

Block 19, 20 (PURSUIT-RELATED CHARGES)
Charges listed in Block 15 may be listed here also, but only if they are the result of a different incident. For example, aggravated assault is listed in Block 15 because of an outstanding warrant, then the suspect, during the pursuit, rams a pursuing vehicle, resulting in another aggravated assault charge, which would then be listed in Block 20

Blocks 23 through 37
    Enter only whole numbers, in three-digit format

    001    RIGHT
    1.0    WRONG

Blocks 31 through 33 (PROPERTY DAMAGE)
    These amounts must be reported in multiples of $100.

    For example:    005    $500.00
                 050    $5,000.00
                 500    $50,000.00

---

## BY COMMAND OF THE POLICE COMMISSIONER

---

**DIRECTIVE 9.4 - 16**
**APPENDIX "A"**