```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

    NEAL MILLER, et al.,          :    CIVIL ACTION
                                  :    NO. 20-6301
         Plaintiffs,              :
                                  :
      v.                          :
                                  :
    CITY OF PHILADELPHIA, et al., :
                                  :
         Defendants.              :
```

**ORDER**

**AND NOW**, this **28th** day of **June, 2022**, upon consideration of Defendants' motion to dismiss (ECF No. 25), Plaintiffs' response (ECF No. 28), and after a hearing on the record, it is hereby **ORDERED** that the motion to dismiss is **GRANTED in part and DENIED in part** as follows:

1) Plaintiffs' claim against Defendant Wolk for excessive force in violation of the Fourth Amendment, as stated in Count I of the Amended Complaint, is **DISMISSED without prejudice** and with leave to amend.[1]

---

[1] "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." Curley v. Klem, 499 F.3d 199, 203 n.4 (3d Cir. 2007) (citing Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999)). In general, "a police pursuit in attempting to seize a person does not amount to a 'seizure' within the meaning of the Fourth Amendment." County of Sacramento v. Lewis, 523 U.S. 833, 844 (1998). For a seizure to have occurred, there must be either the application of physical force by the officer, or, in the absence of physical force, a show of authority by the officer to which the subject actually submits. See California v. Hodari D., 499 U.S. 621, 626 (1991) ("The word 'seizure' readily bears the meaning of a laying on of hands or application of physical force to restrain movement, even when it is ultimately unsuccessful . . . . It does not remotely apply, however, to the prospect of a policeman yelling 'Stop, in the name of the law!' at a fleeing form that continues to flee.").

> 2) Plaintiffs' claim for violation of the Fourteenth Amendment right to procedural due process, as stated in Count I, is **DISMISSED with prejudice.**[2]

---

The Amended Complaint again fails to allege any Fourth Amendment seizure. The allegations do not demonstrate that Miller, the decedent, ever submitted to any show of authority by Defendant Officer Wolk, so he was only seized if Officer Wolk physically touched him at some point in the pursuit. And while Plaintiffs allege that Officer Wolk attempted to use his vehicle to knock Miller off the motorbike, there is no allegation that he ever made physical contact with Miller.

Plaintiffs claim in their brief that Officer Wolk grabbed Miller's shirt at one point during the pursuit, but this allegation does not appear in the Amended Complaint. And "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (citing Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984)).

Because Plaintiffs have not adequately alleged that a seizure occurred, their claim for excessive force is dismissed without prejudice and with leave to amend.

[2] "To prevail on 'a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty or property,' and (2) the procedures available to him did not provide due process of law.'" Chambers ex rel. Chambers v. Sch. Dist. of Philadelphia Bd. of Educ., 587 F.3d 176, 194 (3d Cir. 2009) (quoting Hill v. Borough of Kutztown, 455 F.3d 225, 234 (3d Cir. 2006)). The Supreme Court has held that the deprivation of a constitutionally protected interest "caused by a state employee's random, unauthorized conduct does not give rise to a § 1983 procedural due process claim, unless the State fails to provide an adequate postdeprivation remedy." Zinermon v. Burch, 494 U.S. 113, 115 (1990) (citing Hudson v. Palmer, 468 U.S. 517, 532 (1984)).

Plaintiffs have not advanced any allegations or argument to support their Count I claim against Officer Wolk for violation of Miller's right to procedural due process, so their procedural due process claim is dismissed. Furthermore, since Miller was never arrested and never prosecuted, there is no procedure to which he was entitled that he was denied. Even construing the facts of this case in the light most favorable to Plaintiffs, the Court finds no cognizable claim for violation of the right to procedural due process on the facts of this case. Any amendment of this particular claim would therefore be futile, so it is dismissed with prejudice. See Harris v. Steadman, 160 F. Supp. 3d 814, 817 (E.D. Pa. 2016) ("Amendment is futile if a proposed amended complaint is frivolous or advances a claim or defense that is legally insufficient on its face.") (citation and internal quotation marks omitted). It is therefore dismissed with prejudice. See Ciferni v. Boilermakers Loc. 13, 158 F. Supp. 3d 263, 267 (E.D. Pa. 2016) (quoting Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993) (noting that courts may dismiss a claim with prejudice based on "futility of amendment").

3) Defendants' motion is **DENIED** as to Plaintiffs' claim against Defendant Wolk for violation of the Fourteenth Amendment right to substantive due process, as stated in Count I. Defendants' motion to dismiss this claim on qualified immunity grounds is **DENIED without prejudice.**[3]

---

[3]  [T]he substantive component of the Due Process Clause is violated by executive action only when it 'can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense.'" County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998) (quoting Collins v. Harker Heights, 503 U.S. 115, 128 (1992)). "The level of culpability required 'to shock the contemporary conscience' falls along a spectrum dictated by the circumstances of each case." Sauers v. Borough of Nesquehoning, 905 F.3d 711, 717 (3d Cir. 2018) (quoting Lewis, 523 U.S. at 847-49 & n.8).

The Sauers court held that there are three distinct categories of culpability depending upon "how much time a police officer has to make a decision." Id. The first category encompasses actions taken in a "hyperpressurized environment." Id. (quoting Haberle v. Troxell, 885 F.3d 170, 176 (3d Cir. 2018)). Actions taken in such an environment "will not be held to shock the conscience unless the officer has 'an intent to cause harm.'" Id. (quoting Haberle, 885 F.3d at 177). The next category is actions taken within a time frame that "allows an officer to engage in hurried deliberation." Id. (quoting Haberle, 885 F.3d at 177). Those actions are sufficient to shock the conscience when they "reveal a conscious disregard of a great risk of serious harm." Id. (quoting Haberle, 885 F.3d at 177). The final category includes actions undertaken with "'unhurried judgments,' with time for 'careful deliberation,'" which will be held to shock the conscience if they are "done with deliberate indifference." Id. (quoting Haberle, 885 F.3d at 177).

Taking the facts alleged as true and construing them in the light most favorable to Plaintiffs, the Court finds that the Amended Complaint states a claim for violation of the right to substantive due process against Officer Wolk. While the parties disagree as to the category of culpability to be applied here, the Court need not determine the appropriate level of culpability at this stage given that even if Officer Wolk's actions were taken in a hyperpressurized environment, the pleadings support an inference that he intended to harm Miller. Specifically, the allegation that during the pursuit, Officer Wolk attempted to ram Miller—who was in a highly vulnerable position on a motorbike—with his vehicle, in the course of an unjustified high-speed chase, allows the Court to infer that he acted with an intent to harm. See Davis v. Township of Hillside, 190 F.3d 167, 171 (3d Cir. 1999) ("[I]t is 'conduct intended to injure in some way unjustifiable by any government interest [that] is the sort of official action most likely to rise to the conscience-shocking level.'") (quoting Lewis, 523 U.S. at 834).

Defendants also argue that Wolk is entitled to qualified immunity on Plaintiffs' substantive due process claim. Qualified immunity operates to

3

4)   Plaintiffs' municipal liability claims against the City of Philadelphia, as stated in Count II, are **DISMISSED without prejudice** and with leave to amend.[4]

---

shield "government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). To determine whether an official is entitled to qualified immunity, courts apply a two-pronged approach. Spady v. Bethlehem Area Sch. Dist., 800 F.3d 633, 637 (3d Cir. 2015). First, a court must decide "whether the facts that a plaintiff has . . . shown make out a violation of a constitutional right." Pearson, 555 U.S. at 232. Second, the court determines "whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." Id. "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Id. at 236.

A right is clearly established where the law is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." Reichle v. Howards, 566 U.S. 658, 664 (2012). To overcome a qualified immunity defense, a plaintiff need not cite to "a case directly on point," rather, the "existing precedent must have placed the statutory or constitutional question beyond debate." Ashcroft v. al-Kidd, 563 U.S. 731, 741 (2011). The "'salient question . . . is whether the state of the law' at the time of an incident provided 'fair warning' to the defendants 'that their alleged [conduct] was unconstitutional.'" Tolan v. Cotton, 572 U.S. 650, 656 (2014).

Based on the facts alleged here and the relevant precedents, the Court finds that Plaintiffs have adequately pled at this stage that Officer Wolk's conduct constituted a violation of a clearly established right. As previously stated, the Amended Complaint sets forth facts that support an inference that Officer Wolk's actions during the pursuit demonstrated an intent to harm Miller. And at the time of the events giving rise to this case, a person's right to be free from an officer's conscience-shocking actions taken with an intent to harm during a police pursuit was clearly established. See, e.g., Lewis, 523 U.S. at 853-54. Therefore, at this stage of the litigation in which the Court must accept the allegations of the Amended Complaint as true and construe them in the light most favorable to Plaintiffs, it cannot say that Officer Wolk is entitled to qualified immunity as to Plaintiffs' substantive due process claim. Defendants' motion to dismiss Plaintiff's substantive due process claim on qualified immunity grounds is therefore denied without prejudice.

[4]   Count II purports to bring municipal liability claims against the City of Philadelphia and the City of Philadelphia Police Department. Plaintiffs bring these claims under two distinct theories: (1) that the City is liable under Monell v. Dep't of Social Servs., 436 U.S. 658 (1978), based on the Police Department's unofficial policy of unlawfully and dangerously pursuing dirt bike and ATV riders; and (2) that the City is liable for its failure to discipline police officers who were involved in these pursuits. As set forth

below, Plaintiffs have failed to allege sufficient facts to support either claim.

To plead a municipal liability claim under Monell, "a plaintiff must allege that 'a [local] government's policy or custom . . . inflict[ed] the injury' in question." Estate of Roman v. City of Newark, 914 F.3d 789, 798 (3d Cir. 2009) (quoting Monell, 436 U.S. at 694). A "[p]olicy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." Id. (quoting Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990)). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as to virtually constitute law." Id. (quoting Belevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)).

To support their allegation that the City had an unofficial policy of engaging in dangerous high-speed pursuits of dirt bike and ATV riders, Plaintiffs point to two prior incidents, one from 2012 and the other from 2016, in which dirt bike or ATV riders were killed after being pursued by Philadelphia Police Officers. Plaintiffs also attach to the Amended Complaint a graph of police pursuits between 2014 and 2017 which indicates that unjustified pursuits outnumbered justified pursuits during that time period.

The facts pled are insufficient to establish that the City had a custom or unofficial policy of dangerously pursuing dirt bike and ATV riders. First, the 2012 incident and the 2016 incident, standing alone as two isolated incidents occurring several years apart, are insufficient to establish a custom or practice of unlawfully and dangerously pursuing dirt bike and/or ATV riders. See Peters v. Comm. Educ. Ctrs., Inc., No. 11-cv-850, 2014 WL 981557, at *7 (E.D. Pa. Mar. 13, 2014) ("[T]wo instances of inappropriate conduct do not establish a custom under Monell.") (first citing Mariani v. City of Pittsburgh, 624 F. Supp. 506, 511 (W.D. Pa. 1986) ("Isolated events will not establish a pattern of abusive behavior.") and then citing Palmer v. Marion Cnty., 327 F.3d 588, 596 (7th Cir. 2003)). And second, because the graph of police pursuits between 2014 and 2017 does not provide any detail as to how many of these unjustified pursuits involved dirt bike or ATV riders, it does not help Plaintiffs establish their Monell claim.

Plaintiffs have also failed to establish a claim for municipal liability based on a failure to discipline. Courts have recognized that a plaintiff may maintain a municipal liability claim based on the municipality's failure to discipline police officers when such failure "amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 798 (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). A plaintiff pleads deliberate indifference by showing that "(1) municipal policymakers know that employees will confront a particular situation," that (2) the situation involves a difficult choice or a history of employee's mishandling," and "(3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Id. (citing Doe v. Luzerne County, 660 F.3d 169, 180 (3d Cir. 2011)).

Plaintiffs allege multiple times in the Amended Complaint that the City has a "policy" of "failing to reprimand or discipline any office[r] for engaging in unlawful vehicular pursuits." Am. Compl. ¶¶ 39, 46, 101, 104, ECF No. 24. But these are merely conclusions of law that are entitled to no weight. Plaintiffs include no specific facts about the discipline, or lack thereof, of any officer who engaged in an unlawful pursuit. Nor do they point to any specific shortcomings in the investigatory and disciplinary process

5

5) The City of Philadelphia Police Department is **DISMISSED with prejudice** as a defendant in this case, given that it is "merely an administrative arm of the local municipality" that is not subject to suit in a Section 1983 action such as this one. See DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) (collecting cases).

It is further **ORDERED** that Plaintiff shall file a second amended complaint consistent with this order by **July 13, 2022.**

**AND IT IS SO ORDERED.**

*Eduardo C. Robreno*
**EDUARDO C. ROBRENO, J.**

---

following any such incident. Because Plaintiffs have therefore not provided any factual support for their failure to discipline claim, it is dismissed. Cf. Estate of Roman, 914 F.3d at 800 (finding that a plaintiff had adequately pled a failure to discipline claim based on a consent decree that pointed to specific examples of the police department's failure to discipline and train its officers).

While Plaintiffs have failed to plead adequate facts to support their municipal liability claims, there is no indication that amendment of these claims would be futile. Plaintiffs are accordingly granted an opportunity to amend Count II.