**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **NEAL MILLER AND DONNA MILLER,** | : | |
| **Individually and as Administrators of the** | : | **CIVIL ACTION** |
| **Estate of RYAN MILLER, a Minor,** | : | **No. 20-6301** |
| **Deceased,** | : | |
|  | : | |
| **Plaintiffs,** | : | |
|  | : | |
| **v.** | : | |
|  | : | |
| **POLICE OFFICER JOSEPH WOLK, et al.** | : | |
|  | : | |
| **Defendants** | : | |
|  | : | |

**ANSWER WITH AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Joseph Wolk, by and through the undersigned counsel, hereby files this Answer

with Affirmative Defenses to Plaintiffs' Second Amended Complaint and aver as follows:

**INTRODUCTORY STATEMENT**

1.      The allegations in this paragraph constitute conclusions of law or Plaintiff's

statement of the case and, therefore, require no response. To the extent that a response is required,

denied.

2.      The allegations in this paragraph constitute conclusions of law or Plaintiff's

statement of the case and, therefore, require no response. To the extent that a response is required,

denied.

**THE PARTIES**

3.      After reasonable investigation, Defendant is without knowledge or information

sufficient to form a belief as to the truth of the averments contained in this paragraph. All

allegations are therefore denied.

4.      After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

5.      Admitted.

6.      Admitted Gary Bove is an adult individual; as to all other allegations, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All other allegations are therefore denied.

7.      Admitted.

8.      The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

9.      Admitted that Defendant was required to comply with Philadelphia Police Department directives and orders. All other allegations are denied as stated.

10.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

11.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

**STATEMENT OF JURISDICTION**

12.     Admitted.

**BACKGROUND FACTS**

13.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

14.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

15.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

16.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All other allegations are therefore denied.

17.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

18.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

19.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

20.     Admitted that the Philadelphia Police Department has promulgated Directive 9.4, which governs vehicular pursuits. As to all other allegations in this paragraph, after reasonable

investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All such allegations are therefore denied.

21.     Denied as stated.

22.     Denied as stated.

23.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

24.     Denied that Defendant first saw Miller heading northbound on Tacony Street. Otherwise, admitted.

25.     Admitted.

26.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

27.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

28.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

29.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

30.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

31.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

32.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

33.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

34.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

35.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

36.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

37.     Denied.

38.     Denied.

39.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

40.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

41.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

42.     Admitted only that Defendant pulled alongside Miller on Scattergood Street. As to all other allegations in this paragraph, the allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

43.     Admitted only that Defendant exited his vehicle, grabbed Miller's shirt, and that it ripped. As to all other allegations in this paragraph, the allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

44.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

45.     Admitted only that Miller turned right from Scattergood Street and proceeded on Eadom Street. As to all other allegations, after reasonable investigation, Defendant is without

knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All such allegations are therefore denied.

46.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

47.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

48.     Admitted that Miller entered the intersection of Fraley Street and Tacony Street against a red light and collided into a crossing tractor-trailer. As to all other allegations, the allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

## INITIAL POLICE REPORT AND INVESTIGATION

49.     Admitted.

50.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

51.     Admitted that the Commonwealth of Pennsylvania Crash Report lists only Bove in the witness block, and that the report says "Above witness stated to police that while on Tacony St., he observed Operator #1 Traveling E/B on Fraley St. at a high speed and he did drive through a steady red light at intersection before striking the tractor trailer." (all caps removed). All other allegations are denied.

52.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

53.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

54.     Admitted that a police interview record reflects Jennifer Scheffield referring to a police officer as looking "very angry and pissed." All other allegations are denied.

### INTERNAL AFFAIRS INVESTIGATION AND FINDINGS

55.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

56.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

57.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

58.     Admitted.

59.     Denied.

60.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

61.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

62.     Admitted.

63.     Admitted.

64.     The record of Ms. Scheffield's statement speaks for itself. As to all other allegations, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

65.     Admitted.

66.     The record of Mr. Mattos's statement speaks for itself. As to all other allegations, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

67.     The record of Mr. Mattos's statement speaks for itself speaks for itself. As to all other allegations, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

68.     The record of Mr. Mattos's statement speaks for itself. As to all other allegations, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

69.     The record of Mr. Mattos's statement speaks for itself. As to all other allegations, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

70.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

71.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

72.     Denied as stated.

73.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

74.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

75.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

76.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

77.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

78.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

79.     Denied as stated.

80.     Denied as stated.

81.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

82.     Admitted.

83.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

84.     After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

85.     Admitted IAD sustained a violation of Directive 9.4. In all other respects, the IAD report speaks for itself and all alleged interpretations are denied.

86.     The IAD report speaks for itself; all alleged interpretations are denied.

87.     The IAD report speaks for itself; all alleged interpretations are denied.

88.     The IAD report speaks for itself; all alleged interpretations are denied.

89.     The IAD report speaks for itself; all alleged interpretations are denied.

90.     The IAD report speaks for itself; all alleged interpretations are denied.

91.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

92.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

93.     Admitted Defendant is named as a defendant in McKenna v. Wolk, No. 18-cv-3746. As to all other allegations, the allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

94.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

95.     Denied.

96.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

97.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

98.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

99.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

100.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

101.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

102.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

103.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

104.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

105.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

106.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

107.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

108.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

109.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

110.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

111.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

112.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

113.    After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

114.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

115.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

116.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

117.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

118.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

119.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

120.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

121.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

122.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

123.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

124.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

125.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

126.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

127.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

128.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

**COUNT I**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFFS v. JOSEPH WOLK**

129.    Defendant incorporates by references the foregoing response as though set forth herein.

130.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

131.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

132.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

133.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

134.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

135.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

136.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

**WHEREFORE**, Defendant denies that he is liable to Plaintiffs, either jointly or severally, and demands judgment in his favor, together with reasonable attorney's fees and the costs of defending this action.

**COUNT II**
**CIVIL RIGHTS VIOLATION PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFFS v. JOSEPH WOLK**

137.     Defendant incorporates by references the foregoing response as though set forth herein.

138.     The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

139.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

140.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

141.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

142.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

143.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

144.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

145.    The allegations in this paragraph constitute conclusions of law or Plaintiff's statement of the case and, therefore, require no response. To the extent that a response is required, denied.

**WHEREFORE**, Defendant denies that he is liable to Plaintiffs, either jointly or severally, and demands judgment in his favor, together with reasonable attorney's fees and the costs of defending this action.

## JURY DEMAND AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim against the Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of qualified immunity because, at all times material hereto, the Defendant was carrying out his duties in a proper and lawful manner and in the exercise of good faith.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that she has failed to take reasonable measures to mitigate any or all damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, insofar as Defendant's purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

At all times material to this civil action, Defendant acted in a reasonable, proper, and lawful manner.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statute of limitations.

## JURY DEMAND

Defendant demands a jury trial in this action.

**WHEREFORE**, Defendant denies that he is liable to Plaintiffs, either jointly or severally, and demand judgment in his favor, together with reasonable attorney's fees and the costs of defending this action.


Date:  August 29, 2022                              Respectfully submitted,

                                                     _/s/ Andrew F. Pomager_____
                                                    Andrew F. Pomager
                                                    Div. Deputy City Solicitor
                                                    Pa. Attorney ID No. 324618
                                                    City of Philadelphia Law Department
                                                    1515 Arch Street, 14th Floor
                                                    Philadelphia, PA 19102
                                                    215-683-5446 (phone)
                                                    215-683-5397 (fax)
                                                    andrew.pomager@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NEAL MILLER AND DONNA MILLER,** **Individually and as Administrators of the** **Estate of RYAN MILLER, a Minor,** **Deceased,** | : : : : : | **CIVIL ACTION** **No. 20-6301** |
| **Plaintiffs,** | : : | |
| **v.** | : : | |
| **POLICE OFFICER JOSEPH WOLK, et al.** | : : | |
| **Defendants** | : : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below the foregoing Answer with Affirmative Defenses to the Second Amended Complaint was filed via the Court's electronic filing system and is available for viewing and downloading.

Date:  August 29, 2022

Respectfully submitted,

 /s/ Andrew F. Pomager
Andrew F. Pomager
Div. Deputy City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov