IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEAL MILLER and DONNA MILLER, | : |
| Individually and as Administrators of the Estate of | : |
| RYAN MILLER, a Minor, Deceased | : |
| | : |
| v. | : |
| POLICE OFFICER JOSEPH WOLK | :     NO. 2:20-cv-06301-ER |

**ORDER**

AND NOW, this        day of                    , 2023, upon consideration of Plaintiffs' Motion to Extend Discovery Or In The Alternative To Preclude Testimony of Witness Disclosed Out of Time, and Defendant's Response thereto, it is hereby ORDERED AND DECREED that:

(a) Fact discovery shall be extended for a period of an additional ninety (90) days from the date of this Order, with a new Scheduling Order to follow;

(b) Defendant shall be precluded from introducing any testimony from Detective Vincent Strain regarding the investigation into the unrelated incident of alleged sexual misconduct by the Decedent, as well as any other documentary or testimonial evidence of that investigation or the allegations giving rise to the same at time of trial.

BY THE COURT:

_____
BAYLSON, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEAL MILLER and DONNA MILLER, | : | |
| Individually and as Administrators of the Estate of | : | |
| RYAN MILLER, a Minor, Deceased | : | |
| | : | |
| v. | : | |
| POLICE OFFICER JOSEPH WOLK | : | NO. 2:20-cv-06301-ER |

**PLAINTIFFS' MOTION TO EXTEND DISCOVERY OR, IN THE ALTERNATIVE, TO PRECLUDE TESTIMONY OF WITNESS DISCLOSED OUT OF TIME**

1.      This is a civil action pursuant to 42 U.S.C. § 1983, which arises out of Police Officer Joseph Wolk's May 7, 2019 vehicular pursuit of a 15 year-old motor scooter rider Ryan Miller for a traffic offense, which culminated in the death of Ryan Miller. Plaintiffs allege the use of excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution by defendant Wolk.

2.      This action was initiated by the filing of a Complaint on December 15, 2020, and the Defendants provided their initial disclosures on or about March 2, 2021. A true and correct copy of Defendants' Initial Disclosures is attached as Exhibit "A".

3.      The most recent and presently applicable scheduling order pertaining to this case was entered by Judge Robreno on April 3, 2023 (Document 44), a true and correct copy of which is attached as Exhibit "B".

4.      Pursuant to the April 3, 2023 scheduling order, fact discovery was to be complete by **July 19, 2023** and expert discovery was to be completed by **August 20, 2023.**

5.      On August 21, 2023, after the close of business, counsel for Defendant Wolk sent an email to Plaintiffs' counsel, seeking to disclose a new fact witness who had never previously

been identified, more than a month after the close of discovery, as well as announcing the intention to provide reports of two separate expert witnesses, which reports have not yet been received as of the time of this writing.  A true and correct copy of the email in question is attached as Exhibit "C".

6. Defendant Wolk apparently intends to introduce the testimony of Detective Vincent Strain, to discuss allegations against Ryan Miller which did not result in any charged criminal offenses, either before or since the time of his death, in an apparent effort to imply bad character or to suggest that Miller "got what he deserved" when his life ended as the result of a vehicular pursuit initiated over a minor traffic offense.

7. The incident which gave rise to the investigation of which Detective Strain was a part concerned a video that Miller, age 15 at the time, had taken of a girl believed to be approximately 12 or 13 years of age performing what is believed to have been oral sex on him.

8. There has been no evidence to date suggesting that this incident had anything to do with the vehicular pursuit in question.  Defendant Wolk testified at his deposition that the pursuit was initiated over an illegal traffic maneuver, and there was no known arrest warrant for Ryan Miller as of the date of his death.  Therefore, the only conceivable purpose of attempting to introduce this testimony, which is completely irrelevant to the vehicular pursuit at issue, is for the blatant purpose of character assassination in an attempt to prejudice the Plaintiffs.

9. Similarly, there is nothing to suggest that Detective Strain's intended testimony or his status as a knowledgeable witness could not have been disclosed months ago, instead of more than a month after the fact discovery deadline had already elapsed.  Indeed, as discussed in the attached Memorandum of Law, this incident had been disclosed in plaintiff's Answers to

Interrogatories in March of 2023, and Ryan Miller's parents testified about the incident in their depositions held on May 11, 2023.

10. It appears that Defendant waited until the last possible moment (indeed, more than a month after the last possible moment, to be accurate) to disclose a "surprise witness" in a manner which would preclude taking any paper discovery relevant to this witness' testimony or affording a timely opportunity to depose him, all in an attempt to prejudice the Plaintiffs and smear the decedent's character with an incident which bore no relation to the pursuit which resulted in his death, and which did not result in criminal charges during his life.

11. The criminal investigation which Defendant plans to have Detective Strain testify about did not occur in a vacuum, and it would be necessary to propound document requests regarding this separate investigation prior to taking his deposition, since no documents pertaining to this unrelated investigation have been disclosed to date.

12. Given that the fact discovery deadline passed more than 30 days ago, the interests of justice require that discovery be extended (as well as subsequent deadlines) to afford Plaintiffs the opportunity to probe the merits and relevance of the proffered testimony and if necessary have additional materials submitted for expert review.

13. Alternatively, given the late disclosure of the witness and the clearly calculated effort to prejudice the Plaintiffs with the same, the court is clearly empowered to preclude the testimony of Detective Strain along with any other evidence or testimony pertaining to the unrelated investigation of the alleged sexual acts pursuant to Fed.R.Civ.P. 37(c)(1) and/or Fed.R.Evid. 403, since the subject matter of the anticipated testimony is clearly unduly prejudicial, and is not relevant to the pursuit or the basis for the pursuit at issue in this case.

WHEREFORE, Plaintiffs Neal Miller and Donna Miller, Individually and as the Administrators of the Estate of Ryan Miller, Deceased, respectfully request that the discovery deadline in this matter be extended for a period of ninety (90) days, or in the alternative, that the court preclude the testimony of Detective Vincent Strain at time of trial along with any evidence related to the intended subject of his testimony pursuant to Fed.R.Civ.P. 37(c)(1).

        Respectfully submitted,

        FLAGER & ASSOCIATES, P.C.

By:   /s/ Michael S. Levin
       Michael S. Levin, Esquire
       1210 Northbrook Drive, Suite 280
       Trevose, PA 19053
       Telephone: (215) 953-5200
       Facsimile: (215) 953-5214
       michael@flagerlaw.com

*Attorney for Plaintiffs, Neil Miller and Donna Miller, Individually and as Administrators of the Estate of Ryan Miller, Deceased*