IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEAL MILLER and DONNA MILLER, | : |
| Individually and as Administrators of the Estate of | : |
| RYAN MILLER, a Minor, Deceased | : |
| | : |
| v. | : |
| POLICE OFFICER JOSEPH WOLK | :    NO. 2:20-cv-06301-ER |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO EXTEND DISCOVERY OR, IN THE ALTERNATIVE, TO PRECLUDE TESTIMONY OF WITNESS DISCLOSED OUT OF TIME**

**I.    FACTS AND BACKGROUND**

This is a civil action pursuant to 42 U.S.C. § 1983, which arises out of Police Officer Joseph Wolk's May 7, 2019 vehicular pursuit of a 15 year-old motor scooter rider Ryan Miller for a traffic offense, which culminated in the death of Ryan Miller.  Plaintiffs allege the use of excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution by defendant Wolk.

This action was initiated by the filing of a Complaint on December 15, 2020, and the Defendants provided their initial disclosures on or about March 2, 2021.  A true and correct copy of Defendants' Initial Disclosures is attached as Exhibit "A".  The most recent and presently applicable scheduling order pertaining to this case was entered by Judge Robreno on April 3, 2023 (Document 44), a true and correct copy of which is attached as Exhibit "B".  Pursuant to that April 3, 2023 scheduling order, fact discovery was to be complete by July 19, 2023 and expert discovery was to be completed by August 20, 2023.

On August 21, 2023, after the close of business, counsel for Defendant Wolk sent an email to Plaintiffs' counsel, disclosing a new fact witness who had never previously been identified more than a month after the close of discovery, as well as advising of Defendant's

intention to provide reports of two separate expert witnesses, which reports have not yet been received as of the time of this writing. A true and correct copy of the email in question is attached as Exhibit "C".

Defendant Wolk seemingly intends to introduce the testimony of Detective Vincent Strain, to discuss allegations against Ryan Miller which did not result in any charged criminal offenses, either before or since the time of his death in an apparent effort to imply bad character or to suggest that Miller "got what he deserved" when his life ended as the result of a vehicular pursuit initiated over a minor traffic offense.

The incident which gave rise to the investigation of which Detective Strain was a part concerned a video that Miller, age 15 at the time, had taken of a girl believed to be approximately 12 or 13 years of age performing oral sex on him. By all accounts, the act was not coerced in any manner, but given that the girl who performed it was below the legal age of consent (as was Ryan Miller himself), it was at least possible that some criminal conduct could be charged in connection with that incident. However, as implicitly acknowledged by Defendant's late disclosure, no charges had been brought before Ryan Miller's death, and there is no contention by Defendant that Wolk's pursuit of Miller was related to this incident, as no warrant had issued for his arrest as of the time he died.

Thus, the question presented herein is whether it would be more appropriate to provide the opportunity to obtain documentary evidence related to Detective Strain's testimony and allow his deposition (which would require an extension of discovery) or to simply preclude the testimony and related evidence in question due to its egregiously untimely disclosure, as well as the irrelevance and unduly prejudicial nature of the testimony itself. As discussed below, either of these remedies would be appropriate under the circumstances.

## II.     LEGAL ARGUMENT

There has been no evidence to date suggesting that the incident giving rise to the investigation that Detective Strain was part of had anything to do with the vehicular pursuit in question. Defendant Wolk testified at his deposition that the pursuit was initiated over an illegal traffic maneuver. Exhibit "D" at 111:13 – 112:4. Wolk heard nothing about the incident involving alleged sexual misconduct by Ryan Miller until after Miller's death. Exhibit "D" at 112:9.[1] There was no known arrest warrant for Ryan Miller as of the date of his death. Therefore, the only conceivable purpose of attempting to introduce this testimony, which is completely irrelevant to the vehicular pursuit at issue, is for the blatant purpose of character assassination in an attempt to prejudice the Plaintiffs. Simply stated, there is no indication that the pursuit that this case involves and which resulted in Miller's death arose out of anything other than a traffic violation.

More importantly for purposes of the instant motion, there is nothing to suggest that Detective Strain's intended testimony or his status as a knowledgeable witness could not have been disclosed months ago, instead of more than a month after the fact discovery deadline had already elapsed. Indeed, this incident had been disclosed in plaintiff's Answers to Interrogatories in March of 2023 (Exhibit "E") and Ryan Miller's parents testified about the incident in their depositions held on May 11, 2023. See Exhibits "F" and "G", excerpted testimony from Neil Miller and Donna Miller.

---

[1] Wolk's testimony that he heard that the sexual act in question was coerced at knifepoint is disputed by the decedent's parents, who emphasized in their testimony that the girl was not coerced in any manner based on what they knew of the incident, and it is believed that the video of the act in question contradicts the notion that force or coercion was involved.

Therefore, it appears that Defendant waited until more than a month after the fact discovery deadline, and the eve of the expert discovery deadline, to disclose a "surprise witness" in a manner which would preclude taking any paper discovery relevant to this witness' testimony or affording a timely opportunity to depose him, all in an attempt to prejudice the Plaintiffs and smear the decedent's character with an incident which bore no relation to the pursuit which resulted in his death, and which did not result in criminal charges during his life.

The criminal investigation which Defendant plans to have Detective Strain testify about did not occur in a vacuum, and it would be necessary to propound document requests regarding this separate investigation prior to taking his deposition, since no documents pertaining to this unrelated investigation have been disclosed to date.

If the court believes that the proffered testimony would be proper in this case, the late and seemingly purposely untimely disclosure of the witness and the subject of his intended testimony demands that discovery be extended (as well as subsequent deadlines) to afford Plaintiffs the opportunity to probe the merits and relevance of the proffered testimony and if necessary have additional materials submitted for expert review.  This would be the bare minimum that justice requires given the improper tactics that Defendant has resorted to here.

It is clear, however, that this testimony is *not* relevant to the police pursuit which forms the basis for the case, and that it had nothing to do with the initiation of the pursuit in question. Given the late and untimely disclosure of the witness and the clearly calculated  effort to prejudice the Plaintiffs with the same, the court is clearly empowered to preclude the testimony of Detective Strain along with any other evidence or testimony pertaining to the unrelated investigation of the alleged sexual acts.

The testimony and related evidence in question is clearly subject to exclusion on two independent grounds. First, the court may preclude the witness' testimony or other evidence relating to the unrelated investigation pursuant to Fed.R.Civ.P. 37(c)(1), which provides in pertinent part as follows:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**

(1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), ***the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial***, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B) may inform the jury of the party's failure; and

(C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed.R.Civ.P. 37(c)(1) (emphasis added).  It is universally accepted that as amended, Fed.R.Civ.P. 26(a)(1) provides for self-executing disclosures, as it requires a party upon its own initiative to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts...." Rule 26(a)(3)(A) requires disclosure of "the name ... of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises." Under Rule 26(e), a party is under a continuing obligation to supplement its discovery responses.

"Rule 37 is written in mandatory terms, and 'is designed to provide a strong inducement for disclosure of Rule 26(a) material.'" <u>Newman v. GHS Osteopathic, Inc</u>., 60 F. 3d 153 (3d Cir. 1995), citing <u>Harlow v. Eli Lilly & Co</u>., 1995 WL 319728 at *2, 1995 U.S.Dist. LEXIS 7162 at *7 (N.D.Ill. May 25, 1995).  "The purpose of the rule is to prevent the practice of 'sandbagging'

an opposing party with new evidence." *Haas v. Del. & Hudson Ry. Co*., 282 F. App'x 84, 86 (2d Cir. 2008); *see, e.g.*, *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000). Although Rule 37(c) does not require a showing of bad faith, a party's bad faith may "be taken into account as part of the party's explanation for its failure to comply." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). The only existing exceptions to the mandatory requirements of Rule 37 arise if there is "substantial justification" for the untimely disclosure or if the failure to disclose was harmless.

Here, disclosure a month after the fact discovery deadline was neither harmless nor innocent, but rather a calculated tactical act. Nor is there substantial justification, as the *latest* date at which Defendant could have known about the sexual incident and the ensuing police investigation was March 27, 2023, when Plaintiffs provided their discovery responses. It was, of course, possible for the Defendant to obtain information regarding this investigation at any time since the lawsuit was filed, given counsel's access to the Police Department's resources. Accordingly, the mandatory provisions of Rule 37(c)(1) plainly apply, and Defendant should not be permitted to introduce Detective Strain as a witness at time of trial or introduce evidence of the investigation he participated in.

Moreover, the anticipated testimony would plainly be subject to exclusion under the provisions of Fed.R.Evid. 403, which provide that even relevant evidence may be excluded if its probative value is "substantially outweighed" by its potential to cause prejudice. Here, it is questionable whether the "relevance" prong is even met, but it is clear that the *sole* intended purpose of the evidence in question is to cause prejudice.

In view of the foregoing, Plaintiffs respectfully request that the discovery deadline in this matter be extended for a period of ninety (90) days, or in the alternative, that the court preclude

the testimony of Detective Vincent Strain at time of trial along with any evidence related to the intended subject of his testimony pursuant to Fed.R.Civ.P. 37(c)(1) and/or Fed.R.Evid. 403.

                    Respectfully submitted,

                    FLAGER & ASSOCIATES, P.C.

By:   /s/ Michael S. Levin
       Michael S. Levin, Esquire
       1210 Northbrook Drive, Suite 280
       Trevose, PA 19053
       Telephone: (215) 953-5200
       Facsimile: (215) 953-5214
       michael@flagerlaw.com

       *Attorney for Plaintiffs, Neil Miller and Donna Miller, Individually and as Administrators of the Estate of Ryan Miller, Deceased*

Dated:  August 22, 2023