# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEAL MILLER AND DONNA MILLER, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF RYAN MILLED, A MINOR, DECEASED** : | **CIVIL ACTION** <br> **No. 21-2499** |
| **Plaintiffs,** : | |
| v. : | |
| **POLICE OFFICER JOSEPH WOLK, et al.** : | |
| **Defendants** | |

# ORDER

AND NOW, this _____ day of _____, 2023, upon consideration of Plaintiffs' Motion to Extend Discovery or, in the Alternative, to Preclude Testimony of Witness Disclosed Out of Time (ECF No. 46), and the response thereto, it is **HEREBY ORDERED** that the Motion is **GRANTED IN PART AND DENIED IN PART.** The case deadlines in this case are hereby extended ninety days. Plaintiffs' motion is denied, without prejudice, inasmuch as it seeks to preclude the testimony of Detective Vincent Strain, the topic of pending accusations or criminal investigations into Ryan Miller, or documents related to that topic.

**BY THE COURT:**

_____, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NEAL MILLER AND DONNA MILLER, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF RYAN MILLED, A MINOR, DECEASED | : <br> : <br> : CIVIL ACTION <br> : No. 21-2499 <br> : |
| Plaintiffs, | : <br> : |
| v. | : <br> : |
| POLICE OFFICER JOSEPH WOLK, et al. | : |
| Defendants | |

**DEFENDANT JOSEPH WOLK'S PARTIAL OPPOSITION
TO PLAINTIFFS' MOTION TO EXTEND DISCOVERY OR, IN THE ALTERNATIVE,
TO PRECLUDE TESTIMONY OF WITNESS DISCLOSED OUT OF TIME**

Defendant Joseph Wolk responds to Plaintiffs' motion to extend discovery or preclude evidence of a late-disclosed witness, Detective Vincent Strain, and related evidence. Defendant does not oppose an extension of discovery by ninety days, or by any other such extension the Court deems fit. Similarly, Defendant can make disclosure of relevant evidence—subject to potential confidentiality concerns being addressed—and produce Detective Strain for deposition outside of the discovery deadline and without further extension if appropriate.

Defendant opposes the preclusion of any evidence, on both substantive grounds and as premature, and asks the Court to deny Plaintiffs' motion in this respect or grant such other relief as the Court deems just.

**I.     BACKGROUND**

This case arises from the May 7, 2019 death of Ryan Miller. Mr. Miller was killed driving a Yamaha Zuma 125 scooter, when he ran a red light into a passing tractor-trailer truck. Moments earlier, Defendant Philadelphia Police Officer Joseph Wolk had attempted to stop Mr.

Miller, but at the time of the accident was not in sight of or behind Mr. Miller at the time of the accident.

The discovery deadline in this case was July 19, 2023. A trial pool is set for October 23, 2023. In the course of disclosing experts, Defendant's counsel supplemented the disclosure of potential witnesses with Detective Vincent Strain. See Email, Kane to Levin, Aug. 21, 2023, Pl.'s Mot., Ex. C (ECF No. 46-3, at 11). Detective Strain was investigating allegations that Mr. Miller, a minor himself, engaged in sexual assault, at knife point, of a minor in December 2018. Defendant disputes that the late disclosure was tactical, in bad faith, or a "calculated act." The late disclosure was inadvertent.

The sexual assault allegations, and the knowledge that a Philadelphia Police Detective was investigating them, was a subject addressed in the course of discovery. Plaintiffs referenced the matter in their response to interrogatories. See Resp. to Interrogs. ¶ 11, Pl.'s Mot., Ex. E (ECF No. 46-3, at 16–18). Plaintiffs' counsel questioned Officer Wolk on the matter. See Wolk Dep., 13–15, Pl.'s Mot., Ex. D (ECF No. 46-3, at 13–14). Plaintiffs both addressed this at their May 11, 2023 depositions. See, Donna Miller Dep., 16–17, Pl.'s Mot., Ex. F (ECF No. 46-3, at 20–21); Neal Miller Dep., 81–83, Pl.'s Mot., Ex. G (ECF No. 46-3, at 23–25). Donna Miller testified to her belief that video disproved the allegations, and that the police were dropping the charges. Donna Miller Dep., 16-17. Neal Miller testified the alleged victim was a classmate, his age. Neal Miller Dep., 81. It is conceded Officer Wolk was not aware of the allegations at the time of his encounter with Ryan Miller, nor trying to stop him in connection with those charges.

It is expected any evidence concerning the incident, including testimony by Detective Strain, would tend to prove (a) the investigation had not cleared Mr. Miller and was ongoing until his death; (b) the alleged victim was 12 at the time, and Mr. Miller was 15; and, (c) contrary

to Plaintiff's contention in his motion, Mr. Miller was accused of coercion and therefore the investigation involved potentially serious charges.

Plaintiff seeks, in the alternative to an extension of discovery, to preclude not only testimony from Detective Strain, but also *any* documentary evidence of the investigation or the allegations.

## II.     ARGUMENT

### A.     Rule 37 is Not a Basis to Exclude Any Evidence Concerning the Allegations Other Than Detective Strain's Testimony

Plaintiff is correct that Federal Rule of Civil Procedure 37 presumptively bars the use of late-disclosed witnesses or information. "If a party fails to provide information or identify a witness . . . the party is not allowed to use that information or witness . . . at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court . . . may impose other appropriate sanctions." Fed. R. Civ. Proc. 37. While Rule 37 could—but, as argued below, should not—preclude the use of Det. Strain, it is not a vehicle to preclude "any other documentary or testimonial evidence of that investigation or the allegations giving rise to the same at time of trial," as Plaintiffs seek in their proposed order. The subject of the allegations and investigation was not withheld in any manner that would apply to the topic entirely.[1]

### B.     The Failure to Disclose was Harmless and Curable

One example of a harmless failure to disclose is "the inadvertent omission . . . of the name of a potential witness known to all parties." R. 37, 1993 advisory committee notes. Even when the omission is not harmless, "the exclusion of evidence is not automatic and within the

---

[1] Rule 37 might also bar undisclosed documents concerning the investigation, but since these have not been identified for use, the applicability of Rule 37 to such unidentified documents is premature.

3

district court's discretion." Fiumano v. Metro Diner Mgmt. LLC, No. 17-0465, 2022 WL 2541354, at *5 (E.D. Pa. July 7, 2022) (quoting Newman v. GHS Osteopathic, Inc., 60 F.3d. 153, 156 (3d Cir. 1995). "The exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order . . . ." Id. (quoting Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997) (alteration marks omitted). A court should consider

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation.

Id. (quoting Nicholas v. Penn. State Univ., 227 F.3d 133, 148 (3d Cir. 2000)). Exclusion of testimony that results in fundamental unfairness at trial can itself be an abuse of discretion. See Newman, 60 F.3d at 156.

The failure to disclose Det. Strain created little, if any, prejudice. His existence was known to Plaintiffs, if not his specific identify (since Donna Miller testified to being in contact with Detectives). And the topic on which he would testify was a subject of discovery. Similarly, despite Plaintiffs' characterizations of Det. Strain as a "surprise witness" and his emphasis on law deterring "sandbagging," Det. Strain was identified with at least more than two months before trial, and at the same time as expert witnesses who were also not previously known to Plaintiffs. Concededly, Plaintiffs may have opted not to depose Det. Strain without the knowledge he may be called by Defendant. However, any prejudice from this is eminently curable: both parties agree an extension of discovery would cure the prejudice; and even a deposition or limited other discovery before trial without such an extension would sufficiently address any prejudice. With such a control in place, the third factor from Nicholas would be addressed: one additional witness would not be disruptive to this case. Finally, Plaintiffs have

stated no basis to accuse Defendant's counsel of bad faith or willfulness in the omission of Det. Strain. Clearly the email identifying him was intended to give as much advance notice, if late, at the time it was sent. With at least two months before trial, an intent to truly surprise Plaintiffs could have been effected by withholding Det. Strain as a potential witness to a much later date.

    **C.    Rule 37 Does Not Apply to Exclude Det. Strain or the Topics of the Allegations Inasmuch as They Are Used for Impeachment and Rebuttal**

Rule 26(a) does not require the disclosure of impeachment evidence, and Rule 37(c) does not, therefore, act to preclude such evidence. See R. 26(a), R.37, 1993 advisory committee notes § 10. The primary use of Det. Strain's testimony and inquiry into the allegations against Mr. Miller is to rebut Plaintiffs' damages claim, since a jury should be permitted to consider Mr. Miller's potential incarceration and resultant decrease in earning power and services to Plaintiffs. Relatedly, Det. Strain's testimony serves to impeach the testimony of Plaintiffs, who—understandably—downplay the gravity of the accusations and that potential criminal liability still faced Mr. Miller. The evidence's use for impeachment did not, therefore, require disclosure at all when Defendant's counsel emailed Plaintiff's counsel.

    **D.    The Evidence Should Not be Precluded as Unfairly Prejudicial, or, Alternatively, a Preclusion on this Basis is Premature**

Plaintiffs make an underdeveloped argument that the relevance of the challenged evidence is "questionable" and that it is substantially outweighed by unfair[2] prejudice. First, the evidence is relevant, as discussed above, to damages in this case and, relatedly, to impeach Plaintiffs on the question of damages. Additionally, as affirmative evidence the allegations and potential criminal liability hanging over Mr. Miller at the time of his death are relevant to causation: namely, the extent to which his mental state contributed to his recklessness. It is true

---

[2] Plaintiffs make the common oversight of omitting "unfair" from their analysis. The balancing test requires more than simply prejudicial evidence.

5

the nature of the allegations carry the risk of unfair prejudice, but the question of damages and Mr. Miller's potential incarceration and earning power are critical to the question of compensation in this case. Moreover, potentially unfair prejudice can be controlled by limitations about how this evidence comes in: the nature of the potential charges or the specifics of the allegations do not, necessarily, need to be entered into evidence. Additionally, a limiting instruction can further cure any potential unfair prejudice. The contours of the evidence's use can be better defined closer to trial, when the parties and the Court are better poised to put this evidence into the context of how trial will play at.

### III.   CONCLUSION

For the foregoing reasons, and those set forth in the memorandum of law filed initially filed with this motion, Defendant respectfully requests this Court deny Plaintiff's motion inasmuch as it seeks to preclude any evidence.

Date:  August 31, 2023

                                              Respectfully submitted,

                                               /s/ Andrew F. Pomager
                                              Andrew F. Pomager
                                              Div. Deputy City Solicitor
                                              Pa. Attorney ID No. 324618
                                              City of Philadelphia Law Department
                                              1515 Arch Street, 14th Floor
                                              Philadelphia, PA 19102
                                              *Attorney for Defendant Joseph Wolk*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NEAL MILLER AND DONNA MILLER, INDIVIDUALLY AND AS ADMINISTRATORS OF THE ESTATE OF RYAN MILLED, A MINOR, DECEASED** | : <br> : **CIVIL ACTION** <br> : No. 21-2499 <br> : |
| Plaintiffs, | : |
| v. | : |
| **POLICE OFFICER JOSEPH WOLK, et al.** | : |
| Defendants | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below Defendant Joseph Wolk's Opposition to Plaintiffs' Motion to Extend Discovery or, in the Alternative, Preclude Testimony of Witness Filed Out of Time was filed via the Court's electronic filing system and is available for downloading.

Date:  August 31, 2023

                                        Respectfully submitted,

                                         /s/ Andrew F. Pomager
                                        Andrew F. Pomager
                                        Div. Deputy City Solicitor
                                        Pa. Attorney ID No. 324618
                                        City of Philadelphia Law Department
                                        1515 Arch Street, 14th Floor
                                        Philadelphia, PA 19102
                                        *Attorney for Defendant Joseph Wolk*